ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INSURED ADVOCACY GROUP, LLC,

                    Plaintiff,

      - against -

MIAMI LEAK DETECTION & SERVICES,
LLC, and GABRIEL A. GIL DESEDA,
individually,

                    Defendants.

24 Civ. 2491 (LLS)

OPINION & ORDER

This is a breach of contract action brought by plaintiff Insured Advocacy Group, LLC ("IAG") against defendants Miami Leak Detection & Services, LLC ("Miami Leak") and Gabriel A. Gil Deseda ("Gil"). Defendants move to dismiss IAG's Second Amended Complaint ("SAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and request sanctions. For the following reasons, defendants' motion to dismiss is granted as to Counts II and III. Defendants' motion for sanctions is denied.

**BACKGROUND**

The following facts are taken from plaintiff's SAC and its attachments (Dkt. No. 31). They are presumed true for the purposes of this motion.

Plaintiff IAG is a Texas limited liability company with its principal place of business in Texas. SAC ¶ 2. Defendant Miami Leak is a Florida limited liability company with its principal place of business in Florida. Id. ¶ 4. Defendant Gil is the

-1-

managing member of Miami Leak. Id. ¶ 5. IAG and Miami Leak are parties to a First Party Claims Non-Recourse Sale and Assignment Agreement (the "Agreement"), in which Miami Leak agreed to sell and IAG agreed to purchase certain accounts recording amounts owed to Miami Leak by its customers. Id. ¶ 9; Dkt. No. 31-1. Article 2.4 of the Agreement requires Miami Leak to report receipt of any payments made on accounts purchased by IAG within forty-eight hours and immediately transmit those payments to IAG. SAC ¶ 12; Dkt. No. 31-1. Alternatively, Article 7.3 provides that IAG may demand that Miami Leak repurchase or exchange any such account for one of equivalent value. SAC ¶ 18; Dkt. No. 31-1. The Agreement also contains a choice-of-law provision requiring that "this Agreement and all transactions contemplated hereunder and/or evidenced hereby" are governed by Texas law. Dkt. No. 31-1.

Plaintiff alleges that Miami Leak failed to report and transmit payments to IAG in accordance with Article 2.4 or repurchase/exchange those accounts in accordance with Article 7.3, despite multiple demands from IAG. SAC ¶¶ 13-19. Additionally, Gil has allegedly segregated for himself approximately $7,060.00 of the payments at issue. Id. ¶ 36. In response, IAG terminated the Agreement and now argues that the defendants' payment obligations, which total at least $473,656.07, exclusive of interest, cost, and attorney's fees,

are immediately due. Id. ¶¶ 21-22.

## PROCEDURAL HISTORY

In its First Amended Complaint ("FAC"), IAG brought claims for breach of the Agreement and a demand for accounting against both defendants (Dkt. No. 23). In its Order on defendants' motion to dismiss the FAC (the "Prior Order"), this Court dismissed both counts against Gil for failure to plead facts establishing individual liability. Order at 14 (Dkt. No. 28). As to defendant Miami Leak, the Prior Order upheld plaintiff's claim for the breach of the Agreement but dismissed its demand for accounting claim for failure to state a cause of action with leave to replead. Id. at 6-11.

In addition to restating the upheld claim for breach of the Agreement against Miami Leak (Count I), plaintiff's SAC now also alleges a breach of contract claim for failure to provide accounting against Miami Leak (Count II) and a conversion claim against Gil (Count III).

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual

-3-

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When evaluating a motion to dismiss, the court accepts "all factual allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." Kelly-Brown v. Winfrey, 717 F.3d 295, 304 (2d Cir. 2013). In addition to the facts alleged in the complaint, the court may consider the documents attached to the complaint. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

## DISCUSSION

Defendants style their motion as a motion to dismiss plaintiff's entire complaint, without advancing any arguments for the dismissal of Count I. See generally Def. Br. (Dkt. No. 32). This Court has already denied defendants' motion to dismiss Count I of the FAC, which is unchanged in the SAC. Therefore, Count I remains, and the Court considers defendants' motion to dismiss Counts II and III in turn.

### I.   Count II: Breach of Contract

In its SAC, plaintiff restyles Count II as a breach of contract claim for failure to provide accounting. The Count now alleges that Miami Leak has violated Articles 2.4.1 and 3.1.22 of the Agreement (the "Accounting Provisions") "by failing to

provide IAG with the requested Monthly Report or with the requested Account Documents" respectively prescribed by those provisions. SAC ¶ 28. "As a result of Miami Leak's aforesaid breaches of the Agreement, IAG has incurred damages." Id. ¶ 29. Defendants argue that the restyled Count II must be dismissed because plaintiff fails to sufficiently plead its own performance and any resulting damages relating to this breach.

### a. Pleading of Performance

Plaintiff's allegations of its own performance are sufficient to survive a Rule 12(b)(6) motion to dismiss. Under Federal Rule of Civil Procedure 9(c), "[p]laintiffs can allege in general terms that they have satisfied their obligations under a contract." Insured Advoc. Grp., LLC v. Spartan Servs. Corp., 2024 WL 3429131, at *5 (S.D.N.Y. July 16, 2024), on reconsideration in part, 2024 WL 3876486 (S.D.N.Y. Aug. 20, 2024) ("[F]or a contract claim, it is sufficient that the pleader 'tracks the language' of Rule 9(c) by alleging 'all conditions precedent have occurred or been performed.'" (quoting 2 Moore's Federal Practice – Civil § 9.04)). Thus, plaintiff's allegation that "[a]ll conditions precedent to the filing of the causes of action set forth herein have been performed, have occurred, or have been waived," suffices at the pleading stage. SAC ¶ 10.

### b. Pleading of Damages

However, plaintiff's allegations of damages caused by the alleged breach of the Accounting Provisions fall short. While the complaint "need not allege an exact number," it must still "allege sufficient facts to allow a trier of fact to find that plaintiff suffered damages as a result of the alleged breach." Hong Kong Aroma Star Int'l LLC v. Elta MD Inc., 2020 WL 619898, at *3 (N.D. Tex. Feb. 7, 2020) (internal quotation marks and citation omitted). "[I]t is not sufficient simply to state that damages did in fact result; but the facts should be alleged from which the court can see, if the facts are true, that damage would naturally or possibly result from the act stated." Pabst v. Roxana Petroleum Corp., 125 Tex. 52, 62 (Comm'n App. 1935) (citation omitted) (dismissing breach of contract action due to "a lack of specific showing of damages or injury to plaintiffs as the direct and proximate consequence of the acts complained of against defendants").

Plaintiff's threadbare allegation that "IAG suffered damages as a result of" defendants' failure to provide accounting documents does not provide enough information to allow the Court to find that plaintiff suffered damages that were the natural result of this breach. See Casares v. Agri-Placements Int'l, Inc., 12 F. Supp. 3d 956, 978 (S.D. Tex. 2014) (finding the "threadbare" allegation that "[defendant's] breach

-6-

of its contract with [plaintiff] proximately caused [p]laintiffs injury" insufficient to survive a motion to dismiss). The SAC does not establish what those damages are, nor how the alleged breach proximately caused those damages. In fact, the only allegation of damages in the SAC is the $473,656.07 total payment obligation due upon termination, which plaintiff alleges is the result of defendants' failure to transmit account payments or repurchase/exchange the accounts.[1] SAC ¶¶ 20-22. The complaint does not allege, and the Court cannot reasonably conclude, that these damages were instead the result of a breach of the Accounting Provisions. Nor are there any other facts in the SAC that would allow the Court to reasonably infer that plaintiff suffered other damages as a result of the alleged breach of the Accounting Provisions. See Davis v. Wells Fargo Bank, N.A., 2020 WL 374544, at *3 (N.D. Tex. Jan. 23, 2020) (granting motion to dismiss where plaintiff had "not alleged what actual damages she suffered" as a result of the defendant's alleged breach of contract); Hurd v. BAC Home Loans Serv., LP, 880 F. Supp. 2d 747, 768-69 (N.D. Tex. 2012) (dismissing RESPA

---

[1] Plaintiff's request for attorney's fees cannot constitute damages for purposes of surviving a Rule 12(b)(6) motion to dismiss. Snowden v. Wells Fargo Bank, N.A., 2019 WL 587304, at *6 (N.D. Tex. Jan. 18, 2019) ("[A]lthough filing and attorney fees may be awarded to a successful plaintiff, see TEX. CIV. PRAC. & REM. CODE §§ 37.007, 38.001(8), they do not constitute actual damages sufficient to sustain a breach of contract claim.").

claim where the plaintiff failed to specify any facts giving rise to a reasonable inference that she suffered actual damages as a result of the alleged violation). Thus, plaintiff's breach of contract claim for failure to provide accounting must be dismissed for failure to state a claim.

## II.  Count III: Conversion

Count III alleges that Gil committed the tort of conversion by segregating for himself $7,060.00 worth of payments made to Miami Leak on accounts to which IAG had acquired the right. Defendants propound two reasons why Count III must be dismissed: 1) that Gil cannot be personally liable for alleged actions involving his corporation and 2) that a conversion claim cannot be maintained in conjunction with a contract claim under Texas law. In response, plaintiff asserts that Count III is brought under Florida law and cites to Florida authority in opposing both arguments. Analysis of both arguments requires a determination of which state's law governs the claim, so the Court decides this as a threshold matter. Finding that under the Agreement Texas law governs the conversion claim, the Court then considers the merits of each of defendants' arguments for dismissal.

### a. Choice of Law

In order to analyze defendants' arguments to dismiss plaintiff's conversion claim, the Court must determine whether

the claim is governed by Texas or Florida law. Plaintiff asserts that Count III is properly brought under Florida law, as the state where defendant Gil is located and would have committed the alleged acts. Defendant counters that the Agreement's choice-of-law provision requires plaintiff to bring the claim under Texas law since it arises out of the Agreement. Therefore, the Court must decide whether the Agreement's choice-of-law provision encompasses plaintiff's tort claim of conversion.

"A federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state." AEI Life LLC v. Lincoln Benefit Life Co., 892 F.3d 126, 132 (2d Cir. 2018). Consequently, this Court is "bound to apply New York law to determine the scope of the contractual choice-of-law clause." Fin. One Pub. Co. v. Lehman Bros. Special Fin., 414 F.3d 325, 331 (2d Cir. 2005). New York law "construe[s] these clauses broadly to encompass tort claims brought in relation to the contract and/or which arise out of the business relationship." Montoya v. Cousins Chanos Casino, LLC, 2012 WL 118475, at *5 (N.Y. Sup. Ct. Jan 12, 2012) (noting the "strong public policy favoring enforcement of forum selection clauses"). "A business tort claim arises out of a contract if the claim depends on the existence of a contractual relationship." KnowYourMeme.com Network, Inc. v. Nizri, 2023 WL 6619165, at *1 (2d Cir.

Oct. 11, 2023).

Here, plaintiff's conversion claim undeniably depends on the existence of the Agreement. Without the Agreement, plaintiff would have no basis to claim entitlement to the allegedly converted funds. See Seagrape Invs. LLC v. Tuzman, 2024 WL 4337448, at *6 (S.D.N.Y. Sept. 26, 2024) (finding contractual choice-of-law clause governed tort claim because "if the [contract] did not entitle [plaintiff] to recover the Cash Amount Due, the central theory under which [plaintiff] pursues its fraudulent conveyance claims would fail"). Because the alleged tort arises out of the Agreement, it is subject to the Agreement's choice-of-law provision and must be governed by Texas law.

### b. Merits

Thus, applying Texas law, the Court turns to defendants' substantive arguments that plaintiff cannot maintain personal liability against Gil and that the parties' contractual dispute cannot form the basis of a tort claim.

### i.    Individual Liability

Defendants argue that this Court already held that "there will be no individual liability in this case" and Gil cannot be liable for the acts of Miami Leak without any allegations differentiating the two actors. Def. Br. 3. As a threshold

-10-

matter, defendants' characterization of the Prior Order is unfounded. The Prior Order established only that "[p]laintiff has not pleaded sufficient facts to state a claim against Gil individually." Order at 12. The Court found that plaintiff's sole allegation — that Gil was liable based on his signature as the "Seller's representative" — was insufficient to establish liability but acknowledged that an individual could be liable "if he knowingly participates in the conduct or has knowledge of the tortious conduct, either actual or constructive." Id. (quoting Portlock v. Perry, 852 S.W.2d 578, 582 (Tex. App. 1993)).

Because an individual may face personal liability for corporate actions that he knowingly participates in, allegations establishing Gil as the actor may be sufficient to survive a motion to dismiss, even where the same allegations could be made against the company. Under Texas law, "[w]here the evidence shows liability upon the part of a company for conversion, then those of the company's directors and officers who participated therein by instigating, aiding, or abetting the company in so doing are liable with the company as joint tort-feasors." Permian Petroleum Co. v. Barrow, 484 S.W.2d 631, 634 (Tex. Civ. App. 1972). Plaintiff's SAC allegations that Gil segregated and refused to surrender the disputed funds — even without specifying how Gil's conduct was independent of Miami Leak's — are thus sufficient to survive a Rule 12(b)(6) motion because

-11-

they indicate that Gil acted knowingly. Under Texas law, Gil can face personal liability for his alleged knowing participation in acts of corporate wrongdoing.

### i.    Dual Contract and Tort Liability

Defendants next argue that, regardless of Gil's personal liability, a tort claim for conversion cannot be asserted in a contract action over the same issue. Having found that Texas law must govern the claim, plaintiff's argument that the dual tort and contract claims are allowed under Florida law is unavailing.

"Texas law has long distinguished tort liability from contract liability as between the parties to a contract, seeking to avoid the availability of both tort and contract liability for the same conduct and the same kind of harm or loss." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Care Flight Air Ambulance Serv., Inc., 18 F.3d 323, 326 (5th Cir. 1994). Though the law of conversion sometimes gives rise to additional duties outside the contract, "if the use of the property constituted misappropriation only because it breached the parties' contract, then a breach of contract action is usually the plaintiff's sole remedy." Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs., Inc., 787 F.3d 716, 726 (5th Cir. 2015); see also Nat'l Union Fire Ins., 18 F.3d at 326-27 (collecting cases of dual contract and tort liability where each doctrine established independent duties, but noting "the plaintiff ordinarily may not recover on

-12-

a tort claim if the damages are economic losses to the subject matter of the contract").

Here, plaintiff's only right to the allegedly converted settlement proceeds is based in the Agreement. "No economic loss other than unpaid [contractual proceeds] is alleged," and therefore the entire remedy rests solely in contract. ConocoPhillips Co. v. Koopmann, 542 S.W.3d 643, 666 (Tex. App. 2016), aff'd on other grounds, 547 S.W.3d 858 (Tex. 2018) (ruling conversion claim properly dismissed because there existed no distinct duty in tort to make payments required by contract). Because plaintiff's alleged injury may be entirely remedied by its contract claim, it does not have additional recourse in tort. Plaintiff's conversion claim must be dismissed under Texas law.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss Count II as to Miami Leak is GRANTED, and defendants' motion to dismiss Count III as to Gil is GRANTED. Defendants' motion for sanctions is DENIED.

So ordered.

Dated:    New York, New York
          February 2, 2026

                                    _Louis L. Stanton_
                                    LOUIS L. STANTON
                                    U.S.D.J.

-13-